**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michelet Michael Smith,<br>Plaintiff,<br>v.<br>Lisa Boddington,<br>Defendant. | No. CV-26-05251-PHX-JAT<br>**ORDER** |

On July 27, 2026, Plaintiff filed this case. Plaintiff is suing a Commissioner of the Maricopa County Superior Court for rulings made in Plaintiff's Superior Court case. (Doc. 1).

On October 13, 2026, Plaintiff filed a motion for extension of time to serve. In the motion, Plaintiff alludes to various errors he previously made in attempting to serve Defendant. (Doc. 10). Plaintiff argues that these errors justify an extension of time to serve. Service is due by October 26, 2026. In considering the motion for extension of time, the Court has reviewed the substance of this case.

Because Plaintiff paid the filing fee in this case, this case was not subject to screening under 28 U.S.C. § 1915(e)(2). Nonetheless, even though Plaintiff paid the filing fee, the Court retains the ability to sua sponte dismiss a claim under Federal Rule of Civil Procedure 12(b)(6). *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 593 (1969)). Such a dismissal may be made without notice where the claimant cannot possibly win relief. *See*

*Wong*, 642 F.2d at 362; *see also Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction."); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that the Court may sua sponte dismiss a complaint when it "lacks an arguable basis either in law or in fact.").

Here, Plaintiff alleges in his complaint that Judge Boddington is not entitled to judicial immunity because she issued an order in a case at a time when she did not have jurisdiction. (Doc. 1).

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act by a judge is a "judicial" act when "it is a function normally performed by a judge," and when the parties at issue have "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Judges have immunity for their judicial acts "even when such acts **are in excess of their jurisdiction,** and are alleged to have been done maliciously or corruptly." *Id.* at 356 (emphasis added). A judge "will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356–57.

Taking the facts of Plaintiff's complaint (Doc. 1) as true, Plaintiff alleges[1] as follows:

On August 11, 2025, Plaintiff simultaneously filed in Superior Court a motion to modify a protective order entered against him and a notice of appeal with the Arizona Court of Appeals.

On September 18, 2025, the Arizona Court of Appeals issued a limited remand to the Superior Court to rule on the motion to modify the protective order and stayed the appeal.

On September 23, 2025, Judge Boddington denied the motion to modify the protective order.

---

[1] The Court uses "alleges" because, although all of these allegations are presumably in court orders of which this Court could take judicial notice, Plaintiff did not include copies of any of the orders with his complaint.

On October 6, 2025, Plaintiff filed (in Superior Court) a motion to reconsider the denial of the motion to modify the protective order and a motion for clarification.

On October 7, 2025, the Arizona Court of Appeals lifted the stay at the appellate level because the Superior Court had ruled on the motion to modify the protective order.[2]

On October 9, 2025, Judge Boddington issued an order stating, to the extent she continued to have jurisdiction over the case, Plaintiff's motions for reconsideration and clarification were denied.

Plaintiff now sues arguing that Judge Boddington's October 9, 2025 order was without jurisdiction; therefore, she is not entitled to judicial immunity. Plaintiff claims his procedural due process rights were violated, causing him additional copying cost and anxiety for having to raise the October 9, 2025 ruling with the Arizona Court of Appeals.

First, this Court is not convinced that the Arizona Court of Appeals limited remand (which Plaintiff did not provide a copy of) would not reasonably include the Superior Court ruling on all matters related to the motion to modify the protective order, including Plaintiff's self-created motion for reconsideration. In other words, at best Plaintiff has created invited error by moving for reconsideration then complaining that a court ruled on his motion. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc).

Second, even assuming Judge Boddington's October 9, 2025 ruling was in excess of the jurisdiction conferred upon her by the limited remand, actions taken in excess of the judge's jurisdiction do not rise to the level of actions taken in the clear absence of jurisdiction. *See Stump,* 435 U.S. at 356–57.

Thus, it is clear to this Court that Judge Boddington is entitled to judicial immunity for her actions taken in ruling on Plaintiff's motion for reconsideration and motion for clarification. As a result, Plaintiff cannot possibly win relief in this case; and the case will be dismissed for this reason.

Accordingly,

---

[2] This Court cannot determine on this record whether the Arizona Court of Appeals was aware that a motion for reconsideration was pending in the Superior Court at the time they lifted the stay.

**IT IS ORDERED** that the complaint and this action are dismissed for failure to state a claim and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the motion for extension of time (Doc. 10) is denied as moot.

Dated this 16th day of October, 2026.

James A. Teilborg
Senior United States District Judge