**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Michelet Michael Smith,

Plaintiff,

v.

Lisa Boddington,

Defendant.

No. CV-26-05251-PHX-JAT

**ORDER**

**Background**

On October 16, 2026, this Court issued the following Order:

> On July 27, 2026, Plaintiff filed this case. Plaintiff is suing a Commissioner of the Maricopa County Superior Court for rulings made in Plaintiff's Superior Court case. (Doc. 1).
>
> On October 13, 2026, Plaintiff filed a motion for extension of time to serve. In the motion, Plaintiff alludes to various errors he previously made in attempting to serve Defendant. (Doc. 10). Plaintiff argues that these errors justify an extension of time to serve. Service is due by October 26, 2026. In considering the motion for extension of time, the Court has reviewed the substance of this case.
>
> Because Plaintiff paid the filing fee in this case, this case was not subject to screening under 28 U.S.C. § 1915(e)(2). Nonetheless, even though Plaintiff paid the filing fee, the Court retains the ability to sua sponte dismiss a claim under Federal Rule of Civil Procedure 12(b)(6). *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 593 (1969)). Such a dismissal may be made without notice where the claimant cannot possibly win relief. *See Wong*, 642 F.2d at 362; *see also Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction."); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that the Court may sua sponte dismiss a complaint when it "lacks an arguable basis either in law or in fact.").

Here, Plaintiff alleges in his complaint that Judge Boddington is not entitled to judicial immunity because she issued an order in a case at a time when she did not have jurisdiction. (Doc. 1).

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act by a judge is a "judicial" act when "it is a function normally performed by a judge," and when the parties at issue have "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Judges have immunity for their judicial acts "even when such acts **are in excess of their jurisdiction,** and are alleged to have been done maliciously or corruptly." *Id.* at 356 (emphasis added). A judge "will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356–57.

Taking the facts of Plaintiff's complaint (Doc. 1) as true, Plaintiff alleges[1] as follows:

On August 11, 2025, Plaintiff simultaneously filed in Superior Court a motion to modify a protective order entered against him and a notice of appeal with the Arizona Court of Appeals.

On September 18, 2025, the Arizona Court of Appeals issued a limited remand to the Superior Court to rule on the motion to modify the protective order and stayed the appeal.

On September 23, 2025, Judge Boddington denied the motion to modify the protective order.

On October 6, 2025, Plaintiff filed (in Superior Court) a motion to reconsider the denial of the motion to modify the protective order and a motion for clarification.

On October 7, 2025, the Arizona Court of Appeals lifted the stay at the appellate level because the Superior Court had ruled on the motion to modify the protective order.[2]

On October 9, 2025, Judge Boddington issued an order stating, to the extent she continued to have jurisdiction over the case, Plaintiff's motions for reconsideration and clarification were denied.

Plaintiff now sues arguing that Judge Boddington's October 9, 2025 order was without jurisdiction; therefore, she is not entitled to judicial immunity. Plaintiff claims his procedural due process rights were violated, causing him additional copying cost and anxiety for having to raise the October 9, 2025 ruling with the Arizona Court of Appeals.

First, this Court is not convinced that the Arizona Court of Appeals

---

[1] The Court uses "alleges" because, although all of these allegations are presumably in court orders of which this Court could take judicial notice, Plaintiff did not include copies of any of the orders with his complaint.

[2] This Court cannot determine on this record whether the Arizona Court of Appeals was aware that a motion for reconsideration was pending in the Superior Court at the time they lifted the stay.

> limited remand (which Plaintiff did not provide a copy of) would not reasonably include the Superior Court ruling on all matters related to the motion to modify the protective order, including Plaintiff's self-created motion for reconsideration. In other words, at best Plaintiff has created invited error by moving for reconsideration then complaining that a court ruled on his motion. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc).
>
> Second, even assuming Judge Boddington's October 9, 2025 ruling was in excess of the jurisdiction conferred upon her by the limited remand, actions taken in excess of the judge's jurisdiction do not rise to the level of actions taken in the clear absence of jurisdiction. *See Stump,* 435 U.S. at 356–57.
>
> Thus, it is clear to this Court that Judge Boddington is entitled to judicial immunity for her actions taken in ruling on Plaintiff's motion for reconsideration and motion for clarification. As a result, Plaintiff cannot possibly win relief in this case; and the case will be dismissed for this reason.
> Accordingly,
>
> **IT IS ORDERED** that the complaint and this action are dismissed for failure to state a claim and the Clerk of the Court shall enter judgment accordingly.
>
> **IT IS FURTHER ORDERED** that the motion for extension of time (Doc. 10) is denied as moot.

(Doc. 12) (footnotes in original).

Plaintiff has now filed a motion to set aside the judgment under Federal Rule of Civil Procedure 59(e). (Doc. 14).

**Governing Law**

A district court "enjoys considerable discretion in granting or denying" a Rule 59(e) motion to alter or amend its judgment. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)). "[A]mending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Id.* (citation omitted). A court may grant a Rule 59(e) motion based on any of four grounds:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Id.*

A motion to alter or amend judgment should not "be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Smith v. Ryan*, No. CV-12-318-PHX-PGR, 2014 WL 2452893, at *1 (D. Ariz. June 2, 2014) (citing *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998)). Further, "Rule 59(e) motions may not be used to reexamine the initial decision or raise arguments that were available to the party prior to the entry of judgment." *Reyes v. City of Phoenix*, No. CV-17-04741-PHX-JAT, 2018 WL 4377161, at *3 (D. Ariz. Sept. 14, 2018).

**Discussion**

As quoted above, Plaintiff is suing a Superior Court Commissioner, Lisa Boddington, for a ruling made in a family court case in Superior Court involving Plaintiff and his ex-wife. This is the fourth case filed in Federal Court arising from Superior Court proceedings between Plaintiff and his ex-wife. *See* CV 26-3348-PHX-DWL (Plaintiff in this case suing two banks for responding to subpoenas in the Superior Court case); CV 25-2243-PHX-SMB (Plaintiff in this case suing his ex-wife and medical professions for providing counseling services to Plaintiff's minor children consistent with certain Superior Court orders); CV 25-1441-PHX-JJT (Plaintiff in this case suing a Superior Court Judge (not the Defendant in this case) and the (former) Clerk of the Superior Court for orders and rulings made in Plaintiff's family court case). And Plaintiff has been declared a vexatious litigant in Superior Court arising from filings in family court cases with his ex-wife.[3]

Turning to Plaintiff's Rule 59(e) motion, Plaintiff argues that this Court erred by dismissing this case without allowing him to supplement the record and/or requiring a response from Defendant. All of Plaintiff's reasons for seeking relief under Rule 59 fail to acknowledge this Court's primary holding in dismissing this case which was: "even assuming Judge Boddington's October 9, 2025 ruling was in excess of [her] jurisdiction [], actions taken in excess of the judge's jurisdiction do not rise to the level of actions taken in the clear absence of jurisdiction. [citation omitted]. Thus, it is clear to this Court that

---

[3]https://www.superiorcourt.maricopa.gov/SuperiorCourt/AdministrativeOrders/AdminOrders/AO%202026-103%20Vexatious%20Litigant%20Michelet%20Smith.pdf (last visited November 2, 2026).

Judge Boddington is entitled to judicial immunity for her actions taken in ruling on Plaintiff's motion [in superior court]."

Nothing in Plaintiff's Rule 59(e) motion changes this result. First, Plaintiff argues that this Court should have allowed him to supplement the record with copies of the Arizona Court of Appeals two Orders. Then, Plaintiff suggests, this Court should interpret those Orders to determine whether Judge Boddington actually exceeded her jurisdiction. But as indicated above, this Court assumed in the Order dismissing this case that Judge Boddington exceeded the scope of the limited remand; thus, reviewing those Orders to try to determine their scope does not change this holding. Accordingly, Judge Boddington is entitled to judicial immunity, and Plaintiff cannot possibly win relief.

Further, this Court has now reviewed the Arizona Court of Appeals Orders and finds it is not clear on the face of the Orders whether Judge Boddington had jurisdiction, based on the limited remand, to rule on both the motion to modify the protective order, and any motions for reconsideration that followed therefrom. In other words, the Order of the Arizona Court of Appeals lifting the stay did not revoke the limited remand. (Doc. 14 at 17). Thus, reopening this case to allow this Court to consider this Order, as Plaintiff requests, is futile because the Orders of the Arizona Court of Appeals are silent on the issue of the scope of the limited remand.

Second, Plaintiff argues that this Court must examine the Court of Appeals Orders to determine whether Judge Boddington acted in in the clear absence of jurisdiction such that she would not be entitled to judicial immunity. This Court disagrees because the Court accepted as true all of Plaintiff's allegations in his complaint about the sequence of events and the scope of the Orders. Having accepted Plaintiff's facts as true in every respect, this Court did not need to find the facts itself, based on judicially noticed documents, to reach a conclusion. Moreover, now that this Court has reviewed those Orders, the Court finds that they do not change the result. The Arizona Court of Appeals remanded Plaintiff's case for Judge Boddington to consider Plaintiff's motion to modify. The Arizona Court of Appeals was silent on whether that remand included motions to reconsider the order on the

motion to modify; and as stated above, the lifting of the stay did not revoke the limited remand. Thus, it remains ambiguous whether Judge Boddington exceeded the scope of the limited remand. Therefore, this Court's conclusion that at most Judge Boddington exceeded her jurisdiction–and did not act in the clear absence of jurisdiction–is unchanged. Based on this conclusion, Judge Boddington is entitled to judicial immunity, and Plaintiff cannot possibly win relief.

Third, Plaintiff argues that this Court erred in not giving him leave to amend, or notice and an opportunity for briefing, before dismissing this case. Plaintiff's Rule 59(e) motion only confirms this Court's conclusion that Plaintiff cannot possibly win relief. Specifically, in his motion, Plaintiff presents all his arguments for why immunity does not apply to Defendant, and this Court has considered and rejected all of them. Accordingly, had the Court permitted further briefing or amendment, it would have been futile, which was apparent from the face of Plaintiff's complaint (accepting all of it as true).

Fourth, Plaintiff argues that this Court erred in discussing the invited error doctrine because the case the Court cited is a criminal case. The Court disagrees. By analogy, the Court finds Plaintiff cannot prevail in this case because he created a record in Superior Court, via multiple contemporaneous filings, wherein the scope of the Superior Court's jurisdiction on limited remand was ambiguous. But regardless of whether Plaintiff is at fault for the jurisdictional uncertainty at the time of Judge Boddington's order on the motion for reconsideration, Judge Boddington did not act in the clear absence of jurisdiction and, therefore, is entitled to immunity.

**Conclusion**

Based on the foregoing, **IT IS ORDERED** that Plaintiff's motion to alter or amend judgment (Doc. 14) is denied.

Dated this 9th day of November, 2026.

James A. Teilborg
Senior United States District Judge